UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS FULLER #211080,
a/k/a RALEEM-X,

      *Plaintiff*,

v.                                 Case No. 2:06-cv-80
                                      HON. R. ALLAN EDGAR

DAVE J. BURNETT, et al.,

      *Defendants*.

_____/

**MEMORANDUM  AND  ORDER**

On September 5, 2006, the Court referred the plaintiff's complaint to Magistrate Judge Timothy P. Greeley for further review and initial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(a). [Doc. No. 8].  As part of the review, the Magistrate Judge was to determine whether plaintiff has met his burden of showing exhaustion of available administrative remedies on his claim against defendant Wayne Trierweiler ("Trierweiler") as required by 42 U.S.C. § 1997e(a), and whether plaintiff should be permitted under Fed. R. Civ. P. 15(a) to amend his complaint to plead and demonstrate the exhaustion of available administrative remedies concerning the claim against Trierweiler.

The Magistrate Judge has submitted a report and recommendation. [Doc. No. 10].  It is recommended that the plaintiff's complaint against Trierweiler be dismissed without prejudice for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).   It is further recommended that service of process should be issued with regard to remaining defendants

1

Dave J. Burnett, Barbara Bouchard, and Gerald Riley.

Plaintiff objects to the report and recommendation. After reviewing the record *de novo*, the Court concludes that the plaintiff's objections [Doc. No. 12] are without merit and are **DENIED**. The Court **ACCEPTS and ADOPTS** the entire report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b). The Court agrees with the Magistrate Judge's statement of the facts and conclusions of law.

When plaintiff filed his complaint in this action on March 23, 2006 [Doc. No. 1], plaintiff failed to plead and demonstrate that he had filed an administrative grievance against Trierweiler and exhausted his available administrative remedies. Plaintiff did not meet his burden of showing in the complaint that he exhausted his available administrative remedies concerning the particular claim against Trierweiler. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Plaintiff now contends that he did exhaust his available administrative remedies concerning his claim against Trierweiler. Plaintiff seeks to submit new, additional documents in a belated effort to show that he exhausted an administrative grievance against Trierweiler. [Doc. No. 5, Exhibits to Plaintiff's Motion for Reconsideration]. In other words, plaintiff seeks to present new, additional documents to the Court to supplement and/or amend his complaint. This he cannot do. A prisoner may not amend a deficient complaint or supplement a complaint with new documentation in an effort to cure the failure to adequately plead and demonstrate exhaustion of administrative remedies in the original complaint. *Jones v. Bock*, 135 Fed. Appx. 837, 839 (6th Cir. 2005) *cert. granted*, 126 S.Ct. 1462, 164 L.Ed.2d 246 (U.S. March 6, 2006) (Docket No. 05-7058); *Scott v. Martin*, 112 Fed. Appx. 409, 410 (6th Cir. 2004); *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002); *see also Arbuckle*

2

*v. Bouchard*, 92 Fed. Appx. 289, 291 (6th Cir. 2004); *Baggett v. Smith*, 2006 WL 1851221 (W.D. Mich. June 29, 2006).  Plaintiff was required to include with his original complaint the relevant documents showing exhaustion of available administrative remedies against Trierweiler which plaintiff clearly failed to do.  *Scott*, 112 Fed. Appx. at 410.

On page 5 of his objections [Doc. No. 12, p. 5], plaintiff contends that if the Court will review paragraphs 23 and 24 on page 5 of his complaint [Doc. No. 1, p. 5], the Court will see that plaintiff did plead exhaustion of available administrative remedies against defendant Trierweiler. Plaintiff is mistaken.  The Court finds that the plaintiff's contention is frivolous.  The Court has reviewed paragraphs 23 and 24 on page 5 of the complaint and they do not contain any allegations that plaintiff filed an administrative grievance against Trierweiler or that plaintiff completely exhausted his available administrative remedies on any grievance against Trierweiler.

Accordingly, the plaintiff's complaint against defendant Wayne Trierweiler is hereby **DISMISSED WITHOUT PREJUDICE** on the ground of failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).  Service of process shall be issued with regard to remaining defendants Dave J. Burnett, Barbara Bouchard, and Gerald Riley.

Furthermore, the Court finds that there is no good faith basis for the plaintiff to appeal this decision.  Any appeal would be frivolous and not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B);  *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

SO ORDERED.

Dated: December 1, 2006.

_____/s/ R. Allan Edgar_____
                              R. ALLAN EDGAR
                       UNITED STATES DISTRICT JUDGE

3